UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



CV 10 - 3838

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 19 2010 ★
BROOKLYN OFFICE

| |
|---|
| CRAIG SAMUEL, |
| Plaintiff, |
| -against- |
| THE CITY OF NEW YORK, KAZ DAUGHTRY (SHIELD NO. 28690), JOHN DOE 1-5 |
| Defendants. |

COMPLAINT

(S.I.)MJ

Jury Trial Demanded

ROSS, J.

ORENSTEIN, M.J.

## PRELIMINARY STATEMENT

1. This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of the Plaintiff's rights under Fourth, Sixth, and Fourteenth Amendment to the United States Constitution and Article I, Section 12 of the New York State Constitution and of common law of the State of New York. The case arises from an June 7, 2010 incident in which members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, excessive force, assault and battery, and fabricated evidence.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Eastern District.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. The New York City Police department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, defendant NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

7. Kaz Daughtry is a members of the NYPD who violated plaintiff's rights as described herein. Kaz Daughtry is sued in his individual and official capacity.

8. John Does are members of the NYPD who violated plaintiff's rights as described herein. Does are sued in their individual and official capacity.

## STATEMENT OF FACTS

9. On June 7, 2010, at approximately 4:15 p.m., in front of 515 Blake Avenue in Brooklyn, New York, Police Officer Daughtry and John Does arrested plaintiff without cause and falsely charged him with Obstructing Governmental Administration and Disorderly Conduct.

10. At all relevant times, plaintiff was not involved in criminal activity. Plaintiff had merely asked the Officers why they were arresting his girlfriend, Araya Taylor, when Ms. Taylor had been the victim of assault and Ms. taylor had called for police assistance.

11. One of the Officers responded to plaintiff's question by telling plaintiff to "get the fuck away from me" and shoving plaintiff roughly against a metal gate.

12. Plaintiff was then taken to the 75th precinct for arrest processing.

13. At approximately 12:00 a.m., plaintiff was taken to Brooklyn Central Booking.

14. While plaintiff was in Central Booking, awaiting arraignment, one or more of the arresting officers met with a prosecutor employed by the Kings County District Attorney's Office.

15. The officer(s) misrepresented to the prosecutor that plaintiff had committed various crimes.

16. As a result of the aforesaid misrepresentation, misdemeanor charges were filed against plaintiff.

17. On June 8, 2010, at approximately 3:30 p.m. plaintiff was arraigned and received an ACD.

18. As a result of defendants' actions, plaintiff experienced physical injuries, emotional distress, fear, embarrassment, humiliation, discomfort, pain and suffering, loss of liberty, and damage to reputation.

### FEDERAL AND STATE LAW CLAIMS AGAINST DAUGHTRY AND JOHN DOES

19. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-18 as if fully set forth herein.

20. The conduct of Police Officer Daughtry and John Does, as described herein, amounted to false arrest, excessive force, assault and battery, and fabricated evidence. This conduct violated plaintiff' rights under 42 U.S.C. § 1983, the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL LAW CLAIMS AGAINST THE CITY OF NEW YORK

21. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-20 as if fully set forth herein. The City of New York directly caused the constitutional violations suffered by plaintiff.

22. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the NYPD and the Civilian Complaint Review Board, and from the NYPD's own observations, that the individual defendants are unfit, ill-tempered police officers who have the propensity to commit the acts alleged herein.

23. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

24. The aforesaid conduct by the City of New York violated plaintiff' rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees;

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED: August 18, 2010
New York, New York

Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

_____
ROBERT MARINELLI (RM-4242)